AMADEO, PETITIONER, *v.* ROSSY, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of San Juan, Section 2, in an Action of Debt.

No. 129.—Decided August 1, 1914.

CERTIORARI.—When it is sought to review orders made by different courts in different cases by *certiorari* proceedings, a separate application for a writ of *certiorari* must be made for each court.

ID.—An application for a writ of *certiorari* which is not directed against the court which made the orders objected to will not be sustained.

ID.—PARTIES.—Only in exceptional cases will a writ of *certiorari* issue upon the application of a person who was not a party to the action in which the orders objected to were made.

ATTACHMENT—CUSTODIA LEGIS—JURISDICTION.—The property of a corporation in possession of duly appointed trustees is in *custodia legis*, therefore the attachment of the same to secure the effectiveness of judgment cannot be ordered by another court of concurrent jurisdiction.

The facts are stated in the decision.

*Messrs. Jacinto Texidor* and *Domingo Massari* for the petitioner.

The respondent did not appear.

### DECISION.

WHEREAS, The petitioner has filed an application for a writ of *certiorari* directed to the Judge of the District Court of San Juan, Section 2, for the purpose of reviewing and setting aside four orders, two of which were made by the judge of Section 1 of the said court on May 4 and July 3, 1914, and the other two by the judge of Section 2 thereof on July 11 and 13, 1914.

WHEREAS, From the foregoing and from the petition it appears that this appeal is for the annulment of orders entered by different courts in different proceedings, one in Section 1 and the other in Section 2 of the District Court of San Juan, which courts, according to the Acts of March 8, 1906, page 96, and of March 14, 1908, page 240, creating the same, are entirely independent of each other, with different judges and separate jurisdictions, and the fact that the judge of one section sits as special judge in the other during the absence of its judge in nowise affects the independence or the distinction existing between the two sections; and the purity of procedure requires that when it is sought to review orders made by different courts in different proceedings by means of a writ of *certiorari*, a separate application should be made for each court, inasmuch as it would be bad practice to join different judges of separate courts as respondents in the same application for a writ of *certiorari*.

WHEREAS, The two orders first mentionerd cannot be set aside by means of this proceeding, because this application

for *certiorari* is not directed against the judge who made the said orders and he has not been made a party to this proceeding, and because the orders were made in the case of the Successors of Abarca, Ltd., against the Central Vannina for the recovery of a sum of money and the appointment of a judicial receiver, to which action the petitioner is not a party, and in accordance with the jurisprudence laid down by this court in the cases of *Delgado* v. *The District Court*, 8 P. R. R., 484; *Jiménez* v. *The District Court*, 9. P. R. R., 267; *Quiñones* v. *The District Court*, 11 P. R. R., 415, and *Monserrat* v. *Foote, District Judge*, 17 P. R. R., 876, only in very exceptional cases will a writ of *certiorari* issue upon the application of a person who is not a party to the action whose review is sought.

WHEREAS, The other order of July 11, 1914, made by the judge of Section 2 in the case of *Antonio J. Amadeo* v. *Central Vannina* for the recovery of $1,000 by which the said judge denied an application for an attachment based on the Act of March 1, 1902, to secure the effectiveness of judgments, cannot be set aside, because, according to the certified copy of the order of May 4, 1914, made by the judge of Section 1, attached to the petition, judicial receivers were appointed for Central Vannina and had taken possession of the property of the said corporation; and it is a principle well established by American jurisprudence that property *in custodia legis* cannot be attached by order of another court of concurrent jurisdiction, and the possession which the judicial receivers at present hold of the same property which the petitioner desires to attach cannot be disturbed by a writ of attachment issued by another court.

WHEREAS, We entertained some doubts as to the validity or invalidity of the other order of July 13, 1914, which has been objected to, by which the judge of Section 2 overruled a motion of the petitioner to enter the default of the defendant in the case pending between the petitioner and said corporation before the said Section for the recovery of $1,000,

and we prefer that the petitioner take such action as he may deem proper as regards this order in the lower court or in this court.

Therefore, for the reasons stated, the petition for a writ of *certiorari* filed in this case is dismissed and the writ is denied, without prejudice to the rights of the petitioner to such remedy as he may have, to be asserted in the proper form and before the competent authority with regard to the order of July 13, 1914, before referred to.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, del Toro, Aldrey and Hutchison concurred.